```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

**United States of America**

    v.

| | |
|---|---|
| **Jason Gerhard** | Case No. 07-cr-168-01-PB |
| **Daniel Riley** | Case No. 07-cr-189-01-PB |
| **Robert Wolffe** | Case No. 07-cr-190-01-PB |
| **Cirino Gonzalez** | Case No. 07-cr-191-01-PB |

## O R D E R

The defendants in the above-captioned cases have been charged with criminal offenses, including conspiracies, that allegedly stem from their efforts to prevent the United States Marshals Service from arresting two fugitives, Edward and Elaine Brown.  The Browns were convicted of multiple counts of tax fraud in a trial overseen by one of my colleagues, Chief District Judge Steven McAuliffe.  The Browns were fugitives until their recent arrests and the defendants in the above-captioned cases allegedly assisted the Browns in avoiding apprehension.

It has been widely reported in the media that the Browns and other members of the alleged conspiracy have threatened to kill

Judge McAuliffe.  In orders disqualifying himself in the Gonzalez and Riley cases, Judge McAuliffe noted that "[b]ecause those public statements included threats of violence and physical harm directed at me, a reasonable person, fully informed of the facts, might understandably question my ability to remain impartial were I to preside."  In this order, I explain why I, too, have decided to disqualify myself from presiding over these cases.

Canon 3(c)(1) of the Code of Conduct for United States Judges requires a judge to disqualify himself from any case "in which the judge's impartiality might reasonably be questioned." Under this test, a judge ordinarily must disqualify himself if a reasonable person, knowledgeable of the relevant facts, would have reason to question the judge's impartiality.

Judge McAuliffe and I have been friends for more than 20 years.  Although I am confident that I could preside impartially over the above-referenced cases notwithstanding this friendship, it is likely that at least some reasonable observers would conclude that my impartiality was compromised by my friendship with someone who allegedly has been threatened by the defendants' alleged co-conspirators.  See <u>United States v. Jordan</u>, 49 F.3d

152, 158 (5th Cir. 1995) (trial judge abused her discretion in presiding over a criminal case in which defendant "was involved in an extremely hostile relationship" with the judge's close friend because a reasonable person would doubt the judge's impartiality).

    A defendant cannot force a judge to disqualify himself in a previously assigned case by making threats against the judge or his friends.  However, the threats at issue here allegedly were made before the cases were assigned to me and I have no basis to believe that the alleged threats were made to provoke my disqualification.  Under these circumstances, prudence suggests that the cases should be handled by a judge who does not have a close friendship with Judge McAuliffe.  Accordingly, I disqualify myself from presiding over these cases.

    SO ORDERED.

/s/Paul Barbadoro  
Paul Barbadoro  
United States District Judge

October 12, 2007

cc: Counsel of Record