UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY, CIRINO GONZALEZ,<br>ROBERT WOLFFE, and JASON GERHARD<br><br>Defendants | Criminal No. 07-189-GZS |

**ORDER GRANTING CONTINUANCE**

The Government has recently consolidated these four cases in a Superseding Indictment, which is virtually identical as to all Defendants except it adds two separate conspiracy charges against Defendant Wolffe.  Before the Court is the Government's Motion to Continue Trial to January 28, 2008.  Defendants Jason Gerhard and Cirino Gonzalez have assented to the continuance,[1] but Defendants Daniel Riley and Robert Wolffe have not agreed to continue the case.[2]  As explained below, the Court will grant the Government's Motion to Continue.

Trial was originally set to begin on November 6, 2007 for Defendants Riley, Gonzalez, Wolffe and Gerhard in their respective cases before Judge Paul J. Barbadoro.

---

[1] Counsel for the Government indicates in its Motion for Continuance that counsel for Defendants Gerhard, Gonzalez, and Wolffe have assented to the instant Motion in the consolidated case. Counsel for Defendants Gonzalez and Gerhart agreed on the record to continuing the case for trial until January 28, 2008.  See Transcript of Status Conference held for November 5, 2007 (Docket Item No. 49) at 8.

[2] Defendant Wolffe assented to the continuance of trial on the original Indictment, but has not assented to a continuance in this case.  See U.S. v. Wolffe, 07-190 (Docket Item No. 26); See Transcript of Status Conference held for November 5, 2007 (Docket Item No. 49) at 8.  Defendant Riley has a pending Motion for Speedy Trial.  (Docket Item No. 48.)

All four cases were reassigned to this judge on October 17, 2007.  Underlying this case is the trial and conviction of Edward and Elaine Brown in the United States District Court for the District of New Hampshire on January 18, 2007 for conspiracy and a number of tax and other financial crimes.  After their convictions, the Browns failed to appear for sentencing and became fugitives.  Each of the Defendants in this case is charged with engaging in criminal activity to support the Browns after they became fugitives.

The representations of both the Government and of defense counsel for Gerhart, Gonzalez, and Wolffe indicate a substantial amount of evidence in this matter will relate to the Browns and the Defendants' assistance to the Browns.  The Government proffers, and the Court has no reason to doubt, that due to the large volume of evidence in this case, analysis has not been completed on the evidence nor have any of the Defendants had the opportunity to examine the evidence.

The Court "has inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion."  U.S. v. Correia, 531 F.2d 1095, 1098 (1st Cir. 1976).  After full consideration of the representations of the parties and the record in this case, the Court finds that the complexity and unusual nature of the prosecution of this case render it impracticable that the Defendants and the Government will be adequately prepared for any pretrial proceedings and the trial itself as originally scheduled.  Thus, the ends of justice are served by permitting a reasonable time for the Government to conduct analysis of the evidence, the Defendants to inspect and, if warranted, challenge such evidence, and for both sides to prepare for trial.  The Court finds that pursuant to 18 U.S.C. § 3161(h)(8)(A) that the ends of justice served by a granting a continuance outweigh the best interest of the public and the Defendants in a

speedy trial.  Under section 3161(h)(8)(A) any period of delay resulting from the grant of a continuance is excluded from the Speedy Trial Act clock.  See 18 U.S.C. § 3161(h)(8)(A).

As an additional basis, the October 31, 2007 Superseding Indictment brings into play 18 U.S.C. § 3161(h)(7), which authorizes the exclusion of a reasonable period of time "when [a] defendant is joined for trial with a codefendant as to whom the time for trial has not run."  See United States v. Barnes, 251 F.3d 251, 257-58 (1st Cir. 2001).  Thus, in this case, a reasonable period of delay is also excludable pursuant to section 3161(h)(7).  See 18 U.S.C. § 3161(h)(7).

Accordingly, in the interest of justice the Court **ORDERS** that the Motion to Continue Trial be, and it is hereby, **GRANTED**.  This case is **CONTINUED** for trial until January 28, 2008.  It is further **ORDERED** that the time period between the entry of this Order and January 28, 2008 be, and it is hereby, excluded from calculations under the Speedy Trial Act, 18 U.S.C. § 3161.

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 9th day of November, 2007.