## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY,<br>          Defendant | Criminal No. 07-189-GZS |

### ORDER ON DEFENDANT RILEY'S DISCOVERY DEMANDS

The Court notes that earlier today Defendant Riley filed a document entitled "Notice of Appeal" (Docket No. 98).  Ordinarily, the district court loses the power to proceed once a party files a notice of appeal.  A formal application of this divesture rule, however, conflicts with the public policy favoring swift adjudication of criminal prosecutions.  In enacting the Speedy Trial Act, Congress recognized that the public has a substantial interest in the resolution of prosecutions without needless delay.  Moreover, in rejecting the mechanical application of the divestiture of jurisdiction rule, the Court of Appeals for the First Circuit has stated that "[w]hile an appeal from an order which is either final or appealable by statute does divest the district court of authority to proceed with respect to any matters involved in the appeal, an impermissible or frivolous appeal does not have the same effect on the jurisdiction of the district court." United States v. Ferris, 751 F.2d 436, 440 (1st Cir. 1984); see also United States v. Farmer, 923 F.2d 1557, 1565 (11th Cir. 1991); United States v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991); United States v. Salerno, 868 F.2d 524, 540 (2nd Cir. 1989); United States v. Cannon, 715 F.2d 1228, 1231 (7th Cir. 1983); United States v. Head, 697 F.2d 1200, 1204 & nn. 3-5 (4th Cir. 1982); United States v. Hines, 689 F.2d 934, 936-37 (10th Cir.

1982); United States v. Bizzard, 674 F.2d 1382, 1385 (11th Cir. 1982); United States v. Grabinski, 674 F.2d 677, 679 (8th Cir. 1982) (en banc); United States v. Lanci, 669 F.2d 391, 394 (6th Cir. 1982); United States v. Leppo, 634 F.2d 101, 105 (3d Cir. 1980); United States v. Dunbar, 611 F.2d 985, 987-88 (5th Cir. 1980) (en banc).  A contrary rule would leave the Court "powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction and inhibits the smooth and efficient functioning of the judicial process."  United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979).  The Court has reviewed Defendant Riley's "Notice of Appeal" and concludes that the matters contained therein are frivolous.  Therefore, Defendant Riley's appeal does not divest the Court of jurisdiction.

With respect Defendant Riley's Motion entitled "Discovery Demands" (Docket No. 95), the Government shall provide Defendant Riley with the discovery he has requested in accordance with the law.  Defendant's Motion is otherwise DENIED.

/s/ George Z. Singal_____
Chief United States District Judge

Dated this 3rd day of January, 2007.