## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY, JASON GERHARD, CIRINO GONZALEZ, and ROBERT WOLFFE<br>          Defendant | Criminal No. 07-189-GZS |

### ORDER ON DEFENDANT RILEY'S
### MOTION TO SEVER AND OBJECTION TO CONSOLIDATION

Now before the Court is Defendant Riley's Motion to Sever and Objection to Consolidation (Docket No. 78). The Government has objected to the Motion (Docket No. 110). The Federal Rules of Criminal Procedure 8 permits the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." In this case, the Superseding Indictment charges Defendant Riley in the same conspiracy as Defendants Gonzalez, Gerhard, and Wolffe. A defendant joined with others in one indictment can obtain severance if he can show a substantial prejudice, amounting to a miscarriage of justice, would result from a joint trial. See United States v. Turner, 501 F.3d 59, 73 (1st Cir. 2007); United States v. Pena-Lora, 225 F.3d 17, 33 (1st Cir. 2000); United States v. McLaughlin, 957 F.2d 12, 18 (1st Cir. 1992); United States v. Tejeda, 974 F.2d 210, 219 (1st Cir. 1992); United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991); United States v. Alemany Rivera, 781 F.2d 229, 238 (1st Cir. 1985). Defendant Riley has not alleged or argued any legal or factual basis to support his Motion to Sever. On this record, the Court does not find that Defendant Riley will suffer substantial prejudice from

a joint trial. The Court, therefore, ORDERS that Defendant Riley's Motion to Sever and Objection to Consolidation be, and it is hereby, DENIED.

    /s/ George Z. Singal_____
Chief United States District Judge

Dated this 8th day of January, 2008.