**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY, JASON GERHARD and CIRINO GONZALEZ,<br><br>Defendants | Criminal No. 07-189-GZS |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE RE: INTERNAL REVENUE SERVICE'S AUTHORITY TO COLLECT PERSONAL INCOME TAXES**

The Government has filed a Motion in Limine requesting that the Defendants be prevented from introducing evidence that the Internal Revenue Service ("IRS") does not have the legal authority to collect personal income taxes. (Docket # 157.) In its Motion, the Government states that at trial it will offer the testimony of Deputy United States Marshal Jamie Berry to, among other things, describe the prosecution of Edward Brown and Elaine Brown and the circumstances under which federal warrants were issued for the Browns' arrests. The Government further asserts that Deputy Marshal Berry will explain that the Browns allowed a number of people, including the defendants, who shared their belief that the IRS lacks the authority to collect personal income taxes, to enter and remain in their home for varying periods of time while they (the Browns) were fugitives. This testimony is admissible and necessary to provide factual background to the offenses that are charged in this case. Defendants have objected to the Government's Motion to exclude them from offering evidence on the IRS's authority to collect personal income taxes, stating that they will seek to introduce such evidence goes to Defendant's state of mind or legal position with respect to the "legal authority to collect

personal income taxes."  Defendant Gonzalez's Partial Objection to the Government's Motion in Limine (Docket # 183); Defendant Gerhard's Partial Objection to the Government's Motion in Limine (Docket # 189); <u>see also</u> Defendant Riley's Objection to Government's Motion in Limine (Docket # 205).  Defendants have, however, failed to identify how an individual's state of mind or an individual's legal position on the IRS's authority to collect personal income taxes is relevant to any asserted defense in this case.  Even if relevant, the Court believes such evidence is subject to exclusion under Federal Rules of Evidence 403 and 611.

Accordingly, the Court **ORDERS** that the Government's Motion in Limine be, and it is hereby, **GRANTED**.  Defendants shall not argue to the jury or attempt to present evidence on the issue of whether the IRS in fact has the legal authority to collect personal income tax.  To the extent any Defendant believes evidence or argument excluded by this Order should be allowed because of developments during trial, the Court further **ORDERS** that such Defendant shall raise the issue with the Court out of the presence of the jury before any Defendant makes reference to or asks a question intended to elicit a response with respect to the IRS's authority to collect personal income taxes.

    /s/ George Z. Singal_____
    Chief United States District Judge

Dated this 14th day of February, 2008.