UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY, JASON GERHARD and CIRINO GONZALEZ,<br><br>            Defendants | Criminal No. 07-189-GZS |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
COUNT I OF THE THIRD SUPERSEDING INDICTMENT**

The Court now has before it Defendant Riley's Motion to Dismiss Count I of the Third Superseding Indictment (Docket No. 361). Defendant contends that because the Indictment in this case fails to specifically allege that any of the Defendants "willfully" joined the agreement, Count I should be dismissed. Defendants Gerhard and Gonzalez have joined in the Motion.

After consideration of the issue, the Court will deny Defendants' Motion. Count I of the Third Superseding Indictment in this case alleges, in relevant part:

> From in or around January 2007, through in or around September 2007, in the District of New Hampshire and elsewhere, the defendants,
>
> > DANIEL RILEY,
> > JASON GERHARD,
> > CIRINO GONZALEZ, and
> > ROBERT WOLFFE,
>
> knowingly conspired and agreed with other individuals, both known and unknown to the grand jury, to prevent by force, intimidation and threat employees of the United States Marshals Service, who are officers of the United States, in the discharge of their official duties, to wit : arresting Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Section 372.

Third Superseding Indictment ¶ 7.

"The general rule is that an indictment is sufficient under the Constitution so long as it fairly pleads all of the essential elements of an offense and 'apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense.'" United States v. McLennan, 672 F.2d 239, 242 (1st Cir. 1982) (quoting Portnoy v. United States, 316 F.2d 486, 488 (1st Cir.), cert. denied, 375 U.S. 815 (1963). See also Hamling v. United States, 418 U.S. 87 (1974); Russell v. United States, 369 U.S. 749 (1962).  None of the counsel in this case indicated that they were in any way misled by the allegations.  Further, Count II contains, if there was any doubt, the disputed language, as do the jury instructions.  There is simply no confusion or double jeopardy issues here.

The law is clear that "[i]Indictments . . . need not always plead required scienter elements in precise statutory terms such as 'willfully' or 'knowingly' so long as other words or facts contained in the indictment 'necessarily or fairly import guilty knowledge.'" McLennan, 672 F.2d at 242 (quoting Madsen v. United States, 165 F.2d 507, 509-10 (10th Cir. 1947)). See also United States v. Dubon-Otero, 292 F.3d 1, 5 (1st Cir. 2002); Hughes v. United States, 338 F.2d 651, 652 (1st Cir. 1964) (scienter element is sufficiently pleaded if "other allegations in the indictment compel an inference of intent"); Griffith v. United States, 230 F.2d 607 (6th Cir. 1956) (word "knowingly" not required when other words "plainly and definitely indicate . . . the essential ingredient of scienter").

Accordingly, Defendants' Motion to Dismiss Count I of the Third Superseding Indictment be, and it is hereby, **DENIED**.

                                            /s/ George Z. Singal_____
                                            United States District Judge

Dated this 7th day of April, 2008.