# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY,<br>        Defendant | Criminal No. 07-189-GZS |

### ORDER DENYING DEFENDANT RILEY'S MOTION
### TO PERMIT ATTORNEY SVEN WIBERG TO WITHDRAW

The Court now has before it Defendant Riley's Motion [to Permit Attorney Wiberg] to Withdraw or for Hearing. (Docket No. 439.) This motion asserts:

1. Mr. Riley has directed [Attorney Sven Wiberg] to withdraw.

2. Without revealing privileged communications, [Attorney Sven Wiberg] submits that Mr. Riley does not wish to be represented by this attorney from this time forward.

3. Assistant United States Attorney Arnold H. Huftalen has been contacted and has indicated that he cannot take a position until he has reviewed this motion.

4. Although [Attorney Wiberg] has no desire to withdraw and believes that continued representation could be necessary and advisable, it may be that the attorney/client relationship has broken down. Consequently, the undersigned has no alternative and must file this motion, as directed. See Rule 1.16 of the New Hampshire Rules of Professional Conduct.

(Id. at 1.) Mr. Riley does not wish the Court to appoint him new counsel. Rather, Mr. Riley requests that he be permitted to proceed pro se. Because of the disadvantages to a defendant that inure from pro se representation, a defendant must "knowingly and intelligently" waive his right to counsel before he may be permitted to proceed pro se. Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938); United States v. Kneeland, 148 F.3d 6, 11 (1st Cir. 1998). To ensure that any waiver

is knowing and intelligent, the Court has an obligation to instruct Mr. Riley about "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" Faretta v. California, 422 U.S. 806, 835, (1975) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)).

The Court held a hearing on this matter and attempted to fulfill its obligation of ensuring that Mr. Riley was knowingly and intelligently waiving his right to court appointed counsel and Mr. Riley refused to cooperate. Because the Court cannot make the necessary determinations regarding the waiver of right to counsel, the motion will be denied.

During the course of the hearing, the Court listened to, and observed, Mr. Riley. Despite being provided numerous opportunities to discuss the instant Motion to Withdraw, Mr. Riley refused and persisted in raising numerous irrelevant and unrelated matters with the Court. A sentencing hearing has been scheduled for August 1, 2008. "The sentencing process necessitates that the defendant possess both a 'present ability to consult with [a] lawyer with a reasonable degree of rational understanding,' and a 'rational as well as factual understanding of the proceedings.'" United States v. Pellerito, 878 F.2d 1535, 1544 (1st Cir. 1989) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (defining competence to stand trial)). Based on the Court's observance of Mr. Riley at the hearing and past observations wherein Mr. Riley continued to raise similar irrelevant material, the Court does not find that Mr. Riley has any competency issues but rather that he continues to raise the extraneous matters in an effort to obstruct and delay the proceedings.

Accordingly, the Court ORDERS that Defendant Riley's Motion [to Permit Attorney Wiberg] to Withdraw as counsel be, and it is hereby, DENIED. If at this time or any time in the future, either counsel has a concern with respect to Defendant Riley's competency, they should file a Motion raising that issue and outlining the reasons therefor. See 18 U.S.C. § 4241. Mr.

Riley is also free to file an additional motion to proceed pro se and, if Mr. Riley chooses to do so, the Court is hopeful that he will cooperate.

    SO ORDERED.

                                              /s/ George Z. Singal_____
                                              Chief United States District Judge

Dated this 27th day of June, 2008.