UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY,<br>　　　　　Defendant | Criminal No. 07-189-GZS |

**ORDER DENYING DEFENDANT RILEY'S MOTION TO DISMISS**

The Court now has before it Defendant Daniel Riley's Motion to Dismiss, which asserts that the Court should vacate his convictions and dismiss the charges against him because he was never properly arraigned on the Third Superseding Indictment. (Docket # 429.) Specifically, Defendant Riley contends that he did not have a copy of the charging document at the time of his arraignment as required by Rule 10(a). The Government objects to the Motion arguing that even if Defendant Riley did not have a copy of the charging document at the time of his arraignment, such omission does not require vacation of the convictions and dismissal of all charges.

**I. Factual Background**

Defendant Daniel Riley was originally charged in an Indictment on September 12, 2007 with violations of 18 U.S.C. §§ 372 (Count 1), § 371 (Count 2), § 3 (Count 3), and § 924(c) (firearm) (Count 4). The Court docket indicates that the defendant was arraigned, with defense counsel present, on September 13, 2007, and that he plead not guilty. On October 31, 2007, a Superseding Indictment was returned which charged the defendant with the same violations. The Court docket indicates that Defendant Riley was arraigned on that Superseding Indictment on November 20, 2007, and, with stand-by counsel present, Defendant Riley plead not guilty. On

January 9, 2008 a Second Superseding Indictment was returned charging the defendant with the same crimes, but included in Count 4, the 18 U.S.C. § 924(c) count, an allegation that the defendant used and carried a destructive device, thereby increasing the applicable minimum and maximum sentences. Arraignment was scheduled for January 15, 2008. By letter dated January 11, 2008, stand-by counsel, Sven Wiberg, provided to the Court an executed "Waiver of Defendant's Appearance at Arraignment," which was signed by both stand-by counsel and by Defendant Daniel Riley. (Docket #s 145 and 160.) On January 14, 2008, the government moved to continue the arraignments on the Second Superseding Indictment for 24 to 48 hours (Docket #140), and Magistrate Judge Muirhead granted the Motion to Continue. On January 16, 2008, before the arraignments could be held on the Second Superseding Indictment, a Third Superseding Indictment was returned which made minor technical changes but charged Mr. Riley with the same charges as did the Second Superseding Indictment. On January 17, 2008, Mr. Riley's three co-defendants were arraigned and each plead not guilty to all charges contained in the Third Superseding Indictment. It is not apparent from the record why Mr. Riley was not arraigned at the same time as his co-defendants.[1] However, on February 26, 2008, Defendant Riley was brought in for arraignment on the Third Superseding Indictment. It is the February 26, 2008, Arraignment that Defendant Riley now claims was defective.

The Court has listened to the recording of that arraignment. At the outset of the hearing the Magistrate Judge asked Mr. Riley if he had received a copy of the Third Superseding Indictment, to which the defendant replied, "No".[2] The Magistrate Judge then asked again

---

[1] Although Mr. Riley's Waiver was filed just before the Third Superseding Indictment had been returned by the Grand Jury, the close timing of the filing of the waiver and the Third Superseding Indictment may have caused the Clerk's Office to mistakenly believe Mr. Riley was waiving his appearance on the Third Superseding Indictment and, thus, the resulting delay in scheduling his arraignment.

[2] There is nothing in the record that indicates the defendant had a copy of the Third Superseding Indictment at the time of arraignment.

whether he had received a copy of the Third Superseding Indictment and Defendant Riley again responded "No," but added that he did not want a copy. Throughout the proceeding, Mr. Riley was uncooperative and, in one instance, verbally disrespectful to the Court. The Magistrate Judge reviewed each charge and entered not guilty pleas on behalf of Mr. Riley as to each count.

## II. Discussion

The Federal Rule of Criminal Procedure governing arraignments provides, in pertinent part:

> An arraignment must be conducted in open court and must consist of: (1) ensuring that the defendant has a copy of the indictment or information; (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information.

Fed. R. Crim. P. 10(a). In this case, Mr. Riley's arraignment was conducted in open court and he was informed of the substance of the charges against him. Because of his oppositional behavior, Magistrate Judge Muirhead entered not guilty pleas on behalf of Mr. Riley as to each count. Therefore, the only potential deficiency in the proceeding is that Mr. Riley did possess a copy of the Third Superseding Indictment. The failure to comply with the Rule's provision/requirement that defendant receive a copy of the indictment resulted from Defendant Riley's own statement that he did not want the Court to provide him with a copy of the Third Superseding Indictment.

Defendant Riley concedes in his Motion that the United States Supreme Court, in Garland v. Washington, 232 U.S. 642, 645 (1914), has held that lack of a formal arraignment does not deprive a defendant of any substantial right, so long as the defendant had sufficient notice of the accusation and an adequate opportunity to defend himself. Additionally, the Courts of Appeals which have considered this issue have likewise found that a technical failure to comply with Rule 10 does not affect a substantial right as long as the accused has sufficient notice of the charges, had adequate opportunity to prepare a defense, and the technical lack of

formal arraignment did not prejudice the defendant.  See e.g., United States v. Lalonde, 509 F.3d 750 (6th Cir. 2007) (held that although the Magistrate Judge had failed to read the indictment to the defendant and, thus, arraignment did not comply with Rule 10, the defendant waived any right to challenge the arraignment by pleading guilty); United States v. Mancias, 350 F.3d 800, 807 (8th Cir. 2003) (finding that the "absence of formal arraignment is of little consequence") (quoting United States v. Reynolds, 781 F.2d 135, 136 n. 2 (8th Cir. 1986)); United States v. Joyner, 201 F.3d 61, 79 (2d Cir. 2000) (quoting Garland, 232 U.S. at 645); United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992) ("an arraignment is not required where the defendant has had sufficient notice of the accusation and an adequate opportunity to defend himself at trial") (citing Garland, 232 U.S. 642); United States v. Romero, 640 F.2d 1014, 1015 (9th Cir. 1981) (finding that defendant was not subject to any prejudice as a result of the district court's failure to read the indictment to him at arraignment because defendant had received a copy of the indictment and had an opportunity to read it before making his plea); United States v. Coffman, 567 F.2d 960, 961 (10th Cir. 1977) (finding that defendant was not prejudiced by the failure to be formally arraigned when he had been given a copy of the indictment and when the failure to arraign was inadvertent); United States v. Rogers, 469 F.2d 1317, 1318 (5th Cir. 1972) (finding that defendant suffered no prejudice when the court failed to read the indictment or provide a copy to defendant at arraignment because he was represented by counsel and did not allege that he was ignorant of the offense charged); United States v. Clark, 407 F.2d 1336, 1337 (4th Cir. 1969) (finding no merit in defendant's challenge for failure to receive a copy of the indictment when defense counsel had been given a copy of the indictment and defendant had informed the court that he had read the indictment and understood the charges against him).

     Assuming the facts to be as the defendant asserts, that he had not received a copy of the Third Superseding Indictment at the time of arraignment, the legal issue is whether Mr. Riley:

(1) had sufficient notice of the accusation, (2) had an adequate opportunity to defend himself, and (3) was prejudiced. First, the Court notes that when, during his arraignment, Defendant was afforded the opportunity to receive a copy of the Third Superseding Indictment he unequivocally stated that he did not want one. In addition, Mr. Riley had been arraigned twice previously for the same conduct – the original Indictment and on the First Superseding Indictment.[3] Apparently being familiar with the charges, he filed a written waiver of appearance at the arraignment on the Second Superseding Indictment. As is evidenced by his numerous pleadings filed pretrial and during trial, and by statements he made at pretrial conferences and hearings, it is clear that he understood the charges against him. Moreover, the electronic notice which accompanied the electronic distribution of the Third Superseding Indictment clearly demonstrates that Attorney Sven Wiberg, then stand-by counsel but who later became trial counsel, received a copy of the Third Superseding Indictment before the arraignment on February 26, 2008. (Docket #162.) The trial record also demonstrates beyond doubt that the defendant and his trial counsel understood what the charges were and that he had mounted a defense to all of those charges. Therefore, the Court finds that Defendant Riley knew what the charges against him were, had an ample opportunity to defend himself, and was not prejudiced by the failure to receive a copy of the Third Superseding Indictment prior to or at his Arraignment.

Accordingly, the Court ORDERS that Defendant Riley's Motion to Dismiss be and it is hereby, DENIED.

/s/ George Z. Singal
Chief United States District Judge

---

[3] With respect to Mr. Riley, the only noteworthy change between the First Superseding Indictment and the Third Superseding Indictment was the addition of the "destructive device" charge to the § 924(c) firearm charge. However, the destructive device charge was included in the Second Superseding Indictment, to which Mr. Riley had waived his right of appearance.

Dated this 10th day of July, 2008.