AO 245B (Rev. 06/05) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of New Hampshire

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **DANIEL RILEY** | Case Number: 07-cr-189-01-GZS |
| | Sven Wiberg, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

[ ] pleaded guilty to count(s): _.
[ ] pleaded nolo contendere to count(s) _ which was accepted by the court.
[x] was found guilty on count(s) **1, 2, 3 and 6 of the Third Superseding of the Indictment** after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _ and is discharged as to such count(s).

[x] Count(s) dismissed on motion of the United States: **original Indictment, Superseding and Second Superseding Indictments**.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

October 28, 2008
Date of Imposition of Judgment

_Signature of Judicial Officer_

**GEORGE Z. SINGAL**
**Chief United States District Judge**
Name & Title of Judicial Officer

10/29/08
Date

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK

BY: _____
DEPUTY CLERK
11/7/2008

AO 245B (Rev. 06/05) Judgment in a Criminal Case - Sheet 1

| CASE NUMBER: | DANIEL RILEY | | Judgment - Page 2 of 7 |
| DEFENDANT: | 07-cr-189-01-GZS | | |

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 372 | Conspiracy to Prevent Officers of the United States from Discharging their Duties | 9/2007 | 1sss |
| 18 U.S.C. §§ 371, 111(a)(1) and 3 | Conspiracy to Commit Offenses Against the United States | 9/2007 | 2sss |
| 18 U.S.C. § 3 | Accessory After the Fact | 9/2007 | 3sss |
| 18 U.S.C. § 924(c)(1)(A) and (B) | Carrying, Using and Possessing a Firearm in Connection with a Crime of Violence | 9/2007 | 6sss |

AO 245B (Rev. 06/05) Judgment in a Criminal Case - Sheet 2 - Imprisonment

CASE NUMBER: 07-cr-189-01-GZS
DEFENDANT: DANIEL RILEY

Judgment - Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **432 months**.

Such term shall consists of 72 months on Count 1, 25 months on Counts 2 and 3 to run concurrently with each other and to Count 1, and a term of 360 months on Count 6 to be served consecutively to the terms imposed on Counts 1 through 3 to the extent necessary to produce a total term of 432 months.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at _ on _.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _ on _.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 4-30-09 to THA FCI Terre Haute, In, with a certified copy of this judgment.

B.R. Jett Warden
UNITED STATES MARSHAL

By N. Crump, CSO
Deputy U.S. Marshal

AO 245B (Rev. 06/05) Judgment in a Criminal Case - Sheet 3 - Supervised Release

CASE NUMBER: 07-cr-189-01-GZS
DEFENDANT: DANIEL RILEY

Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**.

Such term consists of a term of 3 years on Counts 1 through 3 and a term of 5 years on Count 6, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

Pursuant to Public law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any parapharnalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

CASE NUMBER:     07-cr-189-01-GZS                                          Judgment - Page 5 of 7
DEFENDANT:       DANIEL RILEY

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____      _____
Defendant                            Date

_____      _____
U.S. Probation Officer/ Designated Witness   Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case - Sheet 5 Criminal Monetary Penalties

CASE NUMBER: 07-cr-189-01-GZS
DEFENDANT: DANIEL RILEY

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $400.00 | | |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_____

[ ] The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] The interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ] The interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case - Sheet 6 Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 07-cr-189-01-GZS | Judgment - Page 7 of 7 |
| DEFENDANT: | DANIEL RILEY | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x]  Lump sum payment of $400.00 due immediately, balance due

    [ ] not later than _, or
    [ ] in accordance with  C,  D, or  E below; or

B  [ ] Payment to begin immediately (may be combined with  C,  D, or  E below); or

C  [ ] Payment in _ installments of $_ over a period of _, to commence _ days after the date of this judgment; or

D  [ ] Payment in _ installments of $_ over a period of _, to commence _ days after release from imprisonment to a term of supervision; or

E  [ ] Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301. Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[x] The defendant shall forfeit the defendant's interest in the following property to the United States:  All firearms and ammunition involved in the commission of the offenses.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.