UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DANIEL JOHN RILEY
        Claimant,

v.

UNITED STATES OF AMERICA
        Respondent.

Case Number 1:07-cr-189-GZS

MOTION TO COMPEL SPECIFIC PERFORMANCE, BREACH OF COOPERATION AGREEMENT

BY AFFIDAVIT, SUPPORTED BY MEMORANDUM OF LAW

BY SPECIAL APPEARANCE

Indiana State )
                ) Verified and Subscribed
Vigo County )

I, Daniel-John:Riley, hereinafter Affiant, am of majority age and competent to testify to wit:

    1. That, on or about June 19, 2009 Affiant, with counsel present, entered into an oral Cooperation Agreement with Assistant United States Attorney [AUSA] Arnold Huftalen, at the United States Attorney's Office at Concord, New Hampshire.

    2. That, in pertinent part, said Cooperation Agreement consisted of Affiant providing relevant reliable information and a willingness to testify in the Ed Brown trial for the government; in return Affiant was explicitly promised [ by AUSA Huftalen] the government would submit a Rule 35(b) motion, to subtract at minimal, 11 years of Affiant's sentence.

    3. That, the government also promised not to object to Affiant moving the Court to further downward departure, for the previous substantial assistance Affiant rendered prior to his trial, that peacefully ended a 9 month standoff and saved lives.

    4. Be it affirmed, Affiant's previous substantial assistance was not taken into consideration by the sentencing Court.

    5. Be it affirmed, Affiant has fulfilled his obligation to the government under said Cooperation Agreement, giving something of value to the government, thus making the government obligated to Affiant for specific performance: to submit said Rule 35(b) motion.

    6. That, Affiant has waited approximately 17 months for the government to fulfill its explicit promise of performance in accord the Cooperation Agreement; which is now past due and owing; giving rise to bad faith on the part of the government, as explained in the Memorandum of Law attached to this affidavit and incorporated herein by reference as Riley's Exhibit A.

    7. That, Affiant was not obligated to make himself available to testify or to reveal relevant reliable information, but did, in accord with the Cooperation Agreement, with the expressed understanding the government would come to Affiant's aid with a Rule 35(b) motion, as explicitly indicated by AUSA Huftalen, which the Affiant relied upon.

    8. Be it affirmed, Affiant has been ostracized and suffers from a heightened threat to his physical safety and well being in prison, due to Affiant's performance pertaining to said Cooperation Agreement.

VERIFICATION

As no Notary Public is available, the herein Affiant affirms and attests, in accord with 28 USC § 1746 requiring United States Courts to give "like force and ef-

fect" as though a Notary Public had notarized the above stated affidavit.

I verify under penalty of perjury under the laws of United States of America that the foregoing is true and correct. Executed on this 15th day of November, A.D. 2010.

For:   /s/  
DANIEL JOHN RILEY  
[14528-052]  
PO Box 33  
FCI/CMU Terre Haute  
Terre Haute, Indiana 47808

by: Daniel-John:Riley  
Daniel-John:Riley  
Affiant

MEMORANDUM OF LAW                               EXHIBIT A

1. This claim is to enforce a Cooperation Agreement [contract / bargain of the parties], which the government has breached. The claimant [Riley] has fulfilled his obligation to the government, therefore the government is obligated to perform, by submitting a Rule 35 (b) motion for a minimal of 11 years off claimant's sentance.

STANDING, TO COMPEL PERFORMANCE

2. When the government makes a promise to reward cooperation through a motion for a reduced sentence, and fails to fulfill it's promise, the promisee has standing in the courts. "In addition, because promises to make such motions are analogous to plea agreements, a defendant would likely not be without recourse in the case of breach by the government." US v Huerta, 878 F2d 89, 93 (2nd Cir. 1989). Santobello v New York, 404 US 257, 262 (1971) (A promise in an agreement is binding and may be enforced with the remedy of specific performance), see also Allen v Hadden, 57 F3d 1529 (10th Cir. 1995).

3. A prosecutor has significant discrection in determining whether to make such a motion, but a decision by a prosecutor not to make such a motion will be reviewed if it violates the terms of a cooperation agreement, US v Doe, 934 F3d 353, 358 (D.C. Cir. 1991).

4. A defendant may bring an action for specific performance of a cooperation agreement that obligates the government to make a motion for a downward departure in return for substantial assistance, if the prosecutor fails to do so, US v Revis, 22 F. Supp 2d 1242, 1259 (N.D. Oklahoma 1998), citing US v Kuntz, 908 F2d 655, 657 (10th Cir. 1990). US v Lewis, 896 F2d 246, 249 (7th Cir. 1990) (" Where a prosecutor has promised to make a § 5K1.1 [as a matter of law-equivalent to a Rule 35(b): just post-conviction], and the defendant has relied on that promise, the defendant will have recourse in the court if the government breaks that promise."), see also US v LaGuardia, 902 F2d 1010, 1016 (1st Cir. 1990).

28 USC § 2255

5. If, for any reason, the Court disregards claimant's standing, and construes this claim as a § 2255, this claim will hereby then be considered **withdrawn** by the claimant, into abeyance [delaying justice], to be submitted at a later date.

CLAIM FOR RELIEF

6. The claimant [Riley] has a right to enforcement of a bargain of the parties freely entered into; with the implied condition of good faith. "If the government and the defendant have established an agreement regarding Rule 35(b) motion and the

defendant has fulfilled his obligation under the agreement, then he is entitled to performance." <u>Garcia v Beeler</u>, US Dist LEXIS 23633 (D. NJ 1998).

    7. In the case at bar, the government has breached the cooperation agreement and has not lived up to it's end of the bargain, causing claimant to be aggrieved of his due and owing Rule 35(b) motion: for a minimal 11 year sentence reduction; and where the government would not object to claimant requesting a further sentence reduction for the previous sustantial assistance provided to the government in September 2007, which lead to the peaceful conclusion of a 9 month syandoff.

WHEREFORE: The claimant seeks an order to compel specific performance by the government, to submit a Rule 35(b) motion to the Court or an evidence hearing to determine if the government acted in bad faith.

For: __/s/__  
   DANIEL JOHN RILEY

by: _Daniel-John Riley_  
   Auth. Rep.

November _15_, A.D. 2010

## Certificate of Service

I, Daniel-John:Riley, hereby certify on _November 15, 2010_, one (1) true and correct copy of the CLAIM TO COMPEL PERFORMANCE by affidavit with exhibit(s) attached, have been mailed via pre-paid first class U.S. Postal Service Mail, by placing it into the mail depository at FCI Terre Haute, to the following:

For the United Staes of America:

    United States Attorney's Office  
    ATTN: Arnold Huftalen  
    53 Pleasant Street, 4th Floor  
    Concord, New Hampshire 03301-3904

Courtesy copy:

    Sven Wiberg  
    Attorney at Law  
    2456 Lafayette Road, Suite 7  
    Portsmouth, New Hampshire 03801

Respectfully prepared and signed on the date written above.

For: __/s/__  
   DANIEL JOHN RILEY

by: _Daniel-John:Riley_  
   Auth. Rep.