UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

    v.                                                      1:07-cr-189-01-GZS

DANIEL RILEY


## GOVERNMENT'S MOTION TO REDUCE DEFENDANT DANIEL RILEY'S SENTENCE PURSUANT TO Fed. R. Crim. P. 35(b)

**The Law**

Federal Rule of Criminal Procedure 35(b)(2)(B) provides, in relevant part,

(b) **Reducing a Sentence for Substantial Assistance.**

    ***

(2) **Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

    * * *

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing.

**The Facts**

On October 28, 2008 defendant Daniel Riley (Riley) was sentenced to 432 months, 36 years.

After the sentencing, counsel for Riley advised the government that Riley wished to cooperate with the government and testify at the trial of, and against, Edward and Elaine Brown, United States v. Edward and Elaine Brown, Cr. No. 09-30-01, 02 GZS (the "Brown matter").

Shortly thereafter, a Deputy U.S. Marshal and defense counsel traveled to the BOP

facility in Indiana where Riley was being held and met with him for the purpose of determining whether he had new information which was not already known by the government.

The government listed Riley on its Witness List in the Brown matter and had him transported to New Hampshire prior to the trial in the Brown matter.  The government met with Riley and his counsel in June 2009.  Riley was cooperative, made himself available to testify against Edward and Elaine Brown, was debriefed more than once, and, to the best of the government's ability to discern, was truthful.

The government did not to call Riley as a witness at the trial of Edward and Elaine Brown in July 2009.  Riley offered to testify at the sentencing hearings of Edward and Elaine Brown, however, the government decided that Riley would not be called as a witness.  By the time the decision was made, more than one year had passed since Riley's sentencing.  Edward Brown was sentenced on January 11, 2010, almost fifteen months after Riley was sentenced.

This Motion is filed more than one year after Riley was sentenced, but the government submits that the Court still has jurisdiction under Rule 35(b).  Although Riley offered his assistance within one year of his sentencing, the Brown matter extended beyond the one year period and the government could not know the full extent, or value, of Riley's offer of assistance within such one year period.

In fairness to Riley, the government intended to wait until the appeals of Edward and Elaine Brown were concluded before filing this Motion.  Although it is unlikely, the possibility of a remand for re-trial is a possibility and if that were to occur, it is possible that the government would call Riley as a witness.  If such were to happen, the value attributed to Riley's assistance by the government might be higher than what it is currently.

Riley has recently filed a pleading, see <u>Motion to Compel Specific Performance, Breach of Cooperation Agreement</u>, Docket # 665, in which he makes it clear that he wants the government to file a Rule 35(b) Motion now.

The government submits that given the factual backdrop set forth above, specifically because of the then pendency of the sentencing hearing in <u>U.S. v. Edward Brown</u> and the appeals of both Edward Brown and Elaine Brown, the government did not, and in fact could not, know the full extent, or value, of Riley's cooperation within one year of Riley's sentencing.

In a purely technical sense, the assistance offered by Riley did become "useful" to the government within a year of his sentencing, but, as a practical matter, Motions for downward departure, pursuant to USSG §5K or Fed. R. Crim. P. 35(b), are not usually filed until the government is in a position to provide the Court with a full an assessment of a defendant's cooperation.

The government has not found any reported case law directly on point but submits that this Motion is timely under Rule 35(b)(2).

Had Edward or Elaine Brown put on a defense at trial, or at their sentencing hearings, other than that which they did, Riley was available to testify. If Riley had testified at the trial it would have been as a rebuttal witness.

Although Riley was not used as a witness, his offer of assistance was valuable. Moreover, he corroborated other information known to the government. Riley was apparently truthful and his cooperation was apparently complete. Given the violent nature of the Browns and their supporters, by offering himself as a government witness, Riley increased the risk or danger of injury that might come to him. Although Riley denied criminal liability and forced the

government to convict him at trial, shortly after being convicted he offered himself as a witness.

Although the government has not contacted the defendant to seek assent, he has affirmatively requested the government to file this Motion and therefore it is clear that he assents. However, at the time he agreed to cooperate and offered to testify the defendant advised the government that he intends to argue for a greater reduction than that recommended by the government here, and that he intends to urge the Court to consider his pretrial proffers, for which the government did not file a Motion pursuant to Section 5K1.1 of the Sentencing Guidelines, in part, as a basis for that greater reduction.

WHEREFORE, the government respectfully requests that the Court:

A) allow Riley the opportunity to be heard with respect to this Motion, via written pleadings, video teleconference, or in person,[1] as the Court deems appropriate; and,

B) grant this Motion and reduce the defendant's 36 year/432 month sentence by 10% to 32.4 years/388.8 months.

December 30, 2010                                   Respectfully submitted,

                                                    Gretchen Leah Witt
                                                    Attorney for the United States,
                                                    Acting Under Authority Conferred
                                                    by 28 U.S.C. § 515

                                    By:   /s/ Arnold H. Huftalen
                                          Assistant U.S. Attorney
                                          NH Bar No. 1215
                                          53 Pleasant St., 4th Floor
                                          Concord, New Hampshire
                                          (603) 225-1552
                                          arnold.huftalen@usdoj.gov

---

[1] Appearing in person will require significant time in transport which the defendant may, or may not, wish to avoid.

Certificate of Service

      I hereby certify that a copy of this Motion is being served upon counsel of record, Sven Wieberg, via ecf filing notice and that a copy is being sent via First Class U.S. Mail to the defendant at the following address, Daniel-John Riley, 14528-052, FCI-CMU Terre Haut, IN 47808.