UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY,<br>             Defendant | Criminal No. 07-189-GZS |

**DECISION AND ORDER ON THE
GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE**

The government has filed a Motion to Reduce Sentence Pursuant to Rule 35(b). Docket Item 667. The defendant Daniel Riley has responded asserting that the government's motion was timely filed and that the court has jurisdiction over the matter. Docket Item 669. The Court held a conference of counsel in this matter on February 17, 2010. At that conference, counsel for Mr. Riley and the government agreed that the motion could be decided on the pleadings already filed. As explained herein, the Court now **GRANTS** the government's Motion.

**FACTUAL BACKGROUND**

On October 28, 2008, the defendant Daniel Riley was sentenced to 432 months. After the sentencing, counsel for Riley advised the government that Mr. Riley wished to cooperate with the government and testify at the trial of Edward and Elaine Brown, United States v. Edward and Elaine Brown, Cr. No. 09-30-GZS. Shortly thereafter, a Deputy U.S. Marshal and defense counsel traveled to the Bureau of Prisons facility in Indiana where Mr. Riley was being held and

1

met with him for the purpose of determining whether he had new information which was not already known by the government. The government listed Mr. Riley on its Witness List in the Brown matter and had him transported to New Hampshire prior to the trial in the Brown matter. The government met with Mr. Riley and his counsel in June 2009. The government asserts that Mr. Riley was cooperative, was debriefed more than once and, made himself available to testify against Edward and Elaine Brown. Ultimately, the government chose not to call Mr. Riley as a witness at the trial of Edward and Elaine Brown in July 2009. Mr. Riley also offered to testify at the sentencing hearings of Edward and Elaine Brown, however, the government decided that Mr. Riley would not be called as a witness. Elaine Brown was sentenced on October 2, 2009 and Edward Brown was sentenced on January 11, 2010.

## DISCUSSION

The government filed the instant Motion more than one year after Mr. Riley was sentenced. Although Mr. Riley offered his assistance within one year of his sentencing, the government explains that the Brown matter extended beyond the one year period and, thus, the extent of Mr. Riley's offer of assistance could not be determined within the one year period. Specifically, because of the pendency of Edward Brown's sentencing and the appeals of both Edward Brown and Elaine Brown, the government asserts that it could not know the full value of Mr. Riley's cooperation within one year of his sentencing. Therefore, the government waited until the appeals of Edward and Elaine Brown were concluded before filing the Motion to Reduce Sentence.

Rule 35(b) provides, in pertinent part:

(b) Reducing a Sentence for Substantial Assistance.

> (1) Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> * * *
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing.
>
> * * *

The general purpose of Rule 35(b) is to encourage the defendant to expeditiously provide all known information to the government.  The Advisory Committee Notes to the 2002 amendments provide that "[t]he rule's one-year restriction generally serves the important interests of finality and of creating an incentive for defendants to provide promptly what useful information they might have. Thus, the proposed amendment would not eliminate the one-year requirement as a generally operative element. But where the usefulness of the information is not reasonably apparent until a year or more after sentencing, no sound purpose is served by the current rule's removal of any incentive to provide that information to the government one year or more after the sentence (or if previously provided, for the government to seek to reward the defendant) when its relevance and substantiality become evident."  The Advisory Committee Notes also state that "[b]y using the term 'involves' in Rule 35(b)(2) in describing the sort of information that may result in substantial assistance, the Committee recognizes that a court does not lose jurisdiction to consider a Rule 35(b)(2) motion simply because other information, not covered by any of the three provisions in Rule 35(b)(2), is presented in the motion."  See also United States v. Morales, 52 F.3d 7, 8 (1st Cir. 1995).  While this motion falls outside the one-

year timeframe in Rule 35(b)(1), the Court concludes that it has jurisdiction to consider the government's motion pursuant to Rule 35(b)(2)(B).

The government has moved to reduce Mr. Riley's 432-month sentence by 10% to 388.8 months. Although Mr. Riley denied criminal liability and forced the government to convict him at trial, shortly after being convicted he offered himself as a witness against the Browns. Ultimately, Mr. Riley was not used as a witness; however, the government asserts that his offer of assistance was nevertheless valuable. Had Edward or Elaine Brown put on certain defenses at trial, or at their sentencing hearings, Mr. Riley was available to testify. If Mr. Riley had testified at the trial it would have been as a rebuttal witness. Moreover, he corroborated other information known to the government. To the best of the government's knowledge, Mr. Riley was truthful and his cooperation was complete. Given the violent nature of the Browns and their supporters, Mr. Riley exposed himself to an increased risk of injury by offering himself as a government witness.

Accordingly, the Government's Motion to Reduce Sentence is **GRANTED** and the Defendant's 432-month sentence is reduced to 388 months.

/s/ George Z. Singal
United States District Judge

Dated this 28th day of February, 2011