UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | Case Number 1:07-cr-00189-GZS |
| v.  DANIEL RILEY | RENEWAL OF MOTION TO COMPEL RETURN OF PERSONAL EFFECTS IN THE POSSESSION OF THE PLAINTIFF |

As per the court's November 1, 2010 order, Riley renews his motion to return and transfer all personal effects, as listed below, to my brother William Riley or Joseph Haas. All appeals have been exhausted.

As it stands the U.S.A holds no right, title or interest in any of the effects listed. Further, at this point in time, none of the effects listed has ever been forfeited; and no rule or statute exists to forfeit said effects.

The U.S.A stated in their October 29, 2010 motion they would return all non-forfeited property, which I may legally possess. The only effects the U.S.A can possibly be referring to, with regards to possession, is the ammunition. Any attempt by the U.S.A. to keep this ammunition would be a violation of the Fifth Amendment's TAKING CLAUSE, because no [due] process is available to forfeit them.

And as far as the "possession" goes the District of New Hampshire has flat out rejected transfer of convicted felon's interest in property [does not] amount to constructive possession, please see U.S.A v Brown, 2010 DNH 65 where Chief District Judge S. McAuliffe stated:

"I reject the idea that firearms [in this case ammunition] lawfully owned must, following the owners unrelated felony conviction, sit wherever they maybe, unalienable and wasting not subject to forfeiture, not subject to confiscation as contraband, and not subject to disposition by the owner, or by anyone else, or by the court for the owner's benefit. I also reject the notion that such property is subject to governement confiscation and destruction in the absence of due process or payment of just compensation."

Judge McAuliffe also explained that constructive possession does not apply to the minimal exercise of a property transfer.

LIST OF EFFECTS POSSESSED BY U.S.A

A. one press pass
B. one Hewlett Packard Pavilion A1410n computer
C. one video recorder - Sony Handy Cam
D. one video recorder - Panasonic
E. one digital camerea - Panasonic
F. one hand held audio recorder - Panasonic
G. one hand held audio recorder - unknown brand
H. three soft shell gun cases
I. two hard shell gun cases
J. one ammo belt
K. one 75 round magazine 7.62x39 cal.
L. six 20 round magazines .308 cal.
M. numerous assorted gun parts
N. six 5 round magizines 7.62x39 cal.
O. three 75 round drums 7.62x39 cal.
P. thirty two 30 round magazines 7.62x39 cal.

Q. elevan rounds .50 cal. ammo
R. twenty nine boxes 20/box 7.62x39
S. thirty eight boxes 6/box 12 ga.
T. two boxes 30/box 20 ga.
U. two cases 1,000/case 7.62x39 cal.
V. Five rounds 16 ga
W. two hundred seventy three loose rounds of 7.62x39 cal.
X. other assorted ammo both rifle and shotgun

WHEREFORE: Riley moves this court to order the U.S.A to return to him all the effects listed above.

### VERIFICATION

### 28 USC § 1746

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this $28^h$ day of $March$  , A.D. 2011.

For:  /S/
DANIEL RILEY

by: Daniel-John:Riley
Affiant

### Certificate of Service

I hereby certify that a copy of this MOTION TO COMPEL has been mailed via  placing a true copy in the prison's mail system here at FCI Terre Haute, Indiana, first class mail to the following:

United States Attorney
ATTN: US Attorney's Office
53 Pleasant Street
Concord, NH 03301

mailed on March 28, 2011

For:  /S/
DANIEL RILEY

by: Daniel-John:Riley

-2-